**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| OTIS R. DAVIS | ) | |
| | ) | |
| v. | ) | 3-07-CV-113-M |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security | ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order filed on January 18, 2007, this action seeking judicial review of an adverse decision by the Commissioner of Social Security was referred to the undersigned magistrate judge for report and recommendation.

Plaintiff filed this complaint *pro se* and was granted leave to proceed without payment of the filing fee. On the same date on which his complaint was filed Plaintiff filed a motion for court-appointed counsel.

On April 2, 2007, Defendant filed an answer together with a copy of the administrative record. On the same date an order was entered directing the parties to file briefs. Specifically Plaintiff was ordered to file a brief within 60 days setting out the errors alleged to have been committed in the administrative adjudication of his disability claim.

Plaintiff failed to timely file his brief and on June 21, 2007, the undersigned wrote him, noting that he had failed to comply with the court's order and directing him to file his brief on or before July 20, 2007, if he intended to continue with his case.

Thereafter when no brief was forthcoming the court issued a show cause order on August 28, 2007, directing Plaintiff to show cause why his complaint should not be dismissed for want of prosecution. On the same date an order was filed denying his motion for appointment of counsel finding that Plaintiff did not demonstrate that his Social Security appeal presented "exceptional circumstances" warranting the appointment of counsel.[1]

---

[1] As reflected in the administrative record, on January 11, 2006, the date of the hearing before the administrative law judge, Davis had earned 32 hours of college credits and was currently enrolled pursuing a degree in business and in rail coordination. *See* TR 229.

In the present case Plaintiff not only failed to comply with the court's April 2, 2007, order, and the court's directive in the June 21, 2007, letter, but has wholly failed to respond in any manner to the court's show cause order of August 28, 2007.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Plaintiff's inaction with regard to this complaint since January 18, 2007, the date on which it was filed, and his non-compliance with two separate orders of the court and one letter directing him to file a brief clearly indicates his unwillingness to prosecute this case.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that this case be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation shall be transmitted to Plaintiff and counsel for the Defendant.

SIGNED this 3rd day of October, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.